## Diehl, Appellant, *v.* Public Service Commission.

*Public Service Commission—Revocation of order—Improper notice.*

An order of the Public Service Commission made at the instance of an intervenor, revoking a certificate of public convenience for the operation of an automobile bus line will be sustained on appeal where it appears from the record that the rules of the commission had not been observed with regard to notice of the application for the certificate.

The commission is the best judge of a fair interpretation of its own rules, and when such a motion is addressed to its discretion it will not be interfered with, unless an abuse of discretion is manifest.

Argued Nov. 1, 1917. Appeal, No. 67, Oct. T., 1917, by plaintiff, from order of Public Service Commission, revoking certificate of public convenience in case of William C. Diehl v. The Public Service Commission of the Commonwealth of Pennsylvania. Before ORLADY, P. J.,

Assignment of Error—Opinion of the Court. [69 Pa. Superior Ct.
PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WIL-
LIAMS, JJ.   Affirmed.

Motion to revoke certificate of public convenience.
The opinion of the Superior Court states the case.

*Error assigned* was order of Public Service Commis-
sion revoking the certificate.

*A. L. Shay,* with him *T. C. Condron* and *C. A. Snyder,*
for appellant.

*William Wilhelm,* for intervenor, Arlington Setzer.

OPINION BY ORLADY, P. J., April 22, 1918:
On April 7, 1916, William C. Diehl filed his appli-
cation with the Public Service Commission for a certifi-
cate evidencing the commission's approval for the oper-
ation of a line of automobile busses over a route from
Minersville to the village of School Row, Schuylkill
County.   On July 15, 1916, Arlington Slezer presented
a petition to the commission asking for a rule on Diehl,
to show cause why the certificate that had been issued
to him should not be revoked.   A rule was granted, and
on the hearing it was developed by satisfactory proof,
that the rules of the commission had not been observed
with regard to notice of Diehl's application.   A fur-
ther hearing was had on September 5, 1916, of which
all parties in interest had notice, as prescribed by the
rules of the commission, and it was directed that the
certificate issued to Diehl should be revoked and re-
called.   From the record it is apparent that had the facts
which were developed on the rehearing been brought to
the notice of the commission prior to the issuance of the
certificate to Diehl, his application would not have been
granted, and whether the original order was inadvert-
ently or erroneously made, the commission had the clear
right to correct its own orders or revoke a decree pro-

cured through mistaken facts. In some respects, the case is similar to opening a judgment or modifying an order made in a court. The commission had as full power to revoke the certificate granted to Diehl, as it had to grant it, upon due cause being shown, and on its finding of fact that the original certificate was improperly granted, the only party affected was given a full hearing, the intervenor moved promptly to secure relief from a certificate in regard to which he had a legal right to be heard. He adopted the only remedy open to him in asking for a rehearing on the original application. The commission is the best judge of a fair interpretation of its own rules, and when such a motion is addressed to the discretion it will not be interfered with, unless an abuse of discretion is manifest.

The order made is affirmed.