York Motor Express, Appellant, v. The Public Service Commission of the Commonwealth of Pennsylvania.

Argued March 16, 1929.

Before Trexler, Keller, Linn, Gawthrop, Cunning-
ham and Baldrige, JJ.

*Robert C. Fluhrer*, for appellant.—Appellant is not
a common carrier: Harder v. Public Service Commis-
sion of the Commonwealth of Pennsylvania, 90 Pa.
Superior Ct. 373; Frantz v. Public Service Commis-
sion of the Commonwealth of Pennsylvania, 93 Pa.
Superior Ct. 416; Fred Erb v. Public Service Commis-
sion of the Commonwealth of Pennsylvania, 93 Pa.
Superior Ct. 421.

*John Fox Weiss,* Counsel, and with him *E. Everett Mather, Jr.,* Assistant Counsel, for appellee.

OPINION BY BALDRIGE, J., April 15, 1929:

The York Motor Express Company has held, since 1923, a certificate of public convenience for the transportation of goods and merchandise, as a common carrier, by motor trucks from York to Philadelphia. A complaint was filed by competing carrier alleging that the appellant was operating as a common carrier from other points in York County than the city of York. Thereupon, an application for a certificate approving its operation as a common carrier from Red Lion, Dallastown and Hanover, all in York County, to Philadelphia, was filed by the appellant. After hearing, the commission authorized the appellant to operate between Red Lion, Dallastown and Philadelphia, for limited purposes, but refused it the right to operate between Hanover and Philadelphia, and ordered it to cease public service between those points. About one week after the issuance of the foregoing order, the appellant renewed its former contracts with the Hanover Cordage Company and Shepherd and Myers, Inc., two of the shippers it had formerly served, to haul and deliver merchandise from Hanover to Philadelphia.

The appellant is a common carrier, but it contends that it serves the two shippers from Hanover to Philadelphia as a private carrier; that it is transporting goods under contract with each of these parties but that it is not soliciting, advertising, or holding itself out to the public to carry for hire between Hanover and Philadelphia. The reducing of its carriage from seven to two shippers did not, in itself, change the legal status of the appellant from a common to a private carrier. The fact that a carrier limits its services to within a certain scope does not necessarily mean that it is not a common carrier: Erb v. Pub-

lic Service Commission, 93 Pa. Superior Ct. 421.

. The appellant attempts, by limiting the number of its customers, to extend its rights and to change its legal status from Hanover to York from a common carrier to a private carrier. It was admitted at the argument that the same transportation facilities are used from Hanover to Philadelphia as from York to Philadelphia; that merchandise is collected at Hanover, and additional freight is picked up at York and put into the same truck, so that if the appellant's contention is correct, we would have it engaged at the same time as a common carrier and as a private carrier, using the same facilities and under the same trade name. We think that the law never contemplated that this dual capacity could be maintained under those circumstances; otherwise, discrimination in rates and other frauds could be readily perpetrated. The appellant is either a common carrier or a private carrier but cannot be both at the same time with the same facilities.

The order of the commission is, therefore, affirmed at the costs of the appellant.