In the Matter of the Application of THE PUBLIC SERVICE INTERSTATE TRANSPORTATION CO., INC., Petitioner, for a Certiorari Order against PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, STATE DIVISION, Respondent.

TAPPAN AND NYACK BUS, INC., Intervenor, Respondent.

Third Department, June 30, 1931.

*Ernest W. Hofstatter* [*Charles L. Craig* of counsel], for the petitioner.

*B. Meredith Langstaff*, for the intervenor-respondent.

VAN KIRK, P. J.   The granting of the order under review was opposed by the Northern Valley Bus Line, Inc., now — its name having been changed — the Public Service Interstate Transportation Co., Inc., on the ground that it holds a valid outstanding certificate of convenience and necessity under which it is operating a bus line over substantially the same route to be used by the Tappan and Nyack Company.

The Tappan and Nyack Bus, Inc., was organized January 30, 1929, by men in New York State, among whom were men who had held important positions under the Northern Valley Company.   It

procured consents from all the local authorities along its proposed route from Nyack to Tappan during March of that year and its certificate of convenience and necessity, now under review, on July 25, 1929. The regularity of these proceedings is not attacked. (See Transp. Corp. Law, §§ 65, 66, 67.) The evidence establishes that public convenience and necessity require service of a bus line on this route, which runs from Tappan to Nyack. The question is whether the Tappan and Nyack Company showed that it was entitled to a certificate; the burden rested on it to establish its right to such certificate. (*Matter of Amsterdam, J. & G. R. R. Co.*, 86 Hun, 578.)

The opposing Northern Valley Bus Line, Inc., secured its certificate of convenience and necessity to operate a bus line over the route from Nyack to Tappan on April 28, 1926. It immediately began operation. In August, 1928, all of its property was sold to the Public Service Coordinated Transport, a bus company organized under the laws of New Jersey and, through affiliated companies, doing an interstate business. All the employees of the Northern Valley Company were discharged. Officers of Public Service Coordinated Transport were chosen officers of the Northern Valley Company in place of its former officers and its name was changed to Public Service Interstate Transportation Co., Inc. Except the abbreviation " Inc." this was the name of an " affiliated " New Jersey corporation. There then remained of the Northern Valley Company its incorporation and its certificate of convenience and necessity.

Disregarding long corporate names, the contest here is between New York State interests on the one hand and New Jersey interests on the other. The New Jersey corporations above mentioned are affiliated and united in interest with them is Mr. Van Middlesworth, who holds in his name all the stock of the Northern Valley Company and who is now the president of the Northern Valley Company under its changed name; they operate both interstate and intrastate routes. We do not think that the New York interests have shown that public convenience and necessity require the services of a bus line in addition to that furnished by the New Jersey interests. The New Jersey interests own all of the capital stock of the old Northern Valley Company, together with its certificate of convenience and necessity; that is, its franchise. That franchise is not revoked. The Public Service Commission did not assume to revoke it. No statute confers power upon the Public Service Commission to revoke a certificate of convenience and necessity, once granted without time limit. It is a valuable property right which can only be taken away by the judgment of

a court. (*People ex rel. Steward* v. *Railroad Commissioners*, 160 N. Y. 202; *City of New York* v. *Bryan*, 196 id. 158.) Under its franchise the New Jersey interests have a right to operate a bus line over this route. There is some evidence that for a few months the local service rendered was unsatisfactory to people living along the route. The local service it was claimed was subordinated to the interstate service. There is no claim, however, that the New Jersey interests did not have the necessary equipment for operating a local service and, when the New York interests were seeking to establish a right to a certificate of convenience and necessity, the local service by the New Jersey interests was exercised in full. While the route to be used by the New York interests is slightly different from that of the New Jersey interests, the differences are not sufficient to justify a preference of one over the other. Whatever additional service the New York interests would render can more readily and satisfactorily be supplied by extending the route of the New Jersey interests than by bringing in the New York interests over the entire route; and, if the service of the New Jersey interests becomes unsatisfactory, the causes of complaint could be more readily removed by an application to the Public Service Commission of New York to compel performance than by applying for an additional certificate of convenience and necessity. The unsatisfactory service charged existed for only a short period. If there should be further failure to perform, redress may be had.

We are not to be understood as holding that satisfactory interstate service is necessarily all that the New Jersey interests are required to supply. They are operating between Nyack and Tappan under a certificate granted in this State; it authorizes a local service; that local service must be sufficient to satisfy the local needs and must be furnished under the control and regulation of the Public Service Commission of this State, pursuant to the requirement of the statutes applicable. Interstate service is not within the jurisdiction of the Public Service Commission of this State. (*Pine Hill-Kingston Bus Corp.* v. *Davis*, 225 App. Div. 182.)

There is no provision of our statutes which forbids the issuing of two certificates of convenience and necessity over the same or contiguous routes; but it is the law of the State as expressed in many opinions, also the law of other States, that two certificates will not be issued to render the same kind of service, when an outstanding certificate permits a service which could and should supply the needs of the contiguous territory. The bus business is comparatively new and most of the authorities naturally appear in railroad cases. (*People ex rel. New York Central & H. R. R.*

*R. Co.* v. *Public Service Commission*, 227 N. Y. 248; another case under the same title, 195 id. 157; *Matter of Wood*, 99 App. Div. 334; *Matter of Amsterdam, J. & G. R. R. Co.*, 86 Hun, 578.)

There appears to have been no irregularity in changing the name of the Northern Valley Company to Public Service Interstate Transportation Company, Inc. That it is the name of one of the New Jersey corporations, with the abbreviation " Inc." added, does not seem to have caused the Secretary of State to refuse to approve of the changed name.

We conclude, therefore, that the order under review should not have been granted, on the ground that there was not competent proof of all the facts necessary to be proved to authorize the making of the order and because a rule of law affecting the rights of the parties has been violated to the prejudice of the petitioner. (Civ. Prac. Act, § 1304).

The order should be annulled and the petition of Tappan and Nyack Bus, Inc., for a certificate of public convenience and necessity should be denied, with costs.

All concur, except HINMAN, J., who dissents, with an opinion, in which RHODES, J., concurs.

HINMAN, J. (dissenting). Northern Valley Bus Line, Inc., a New York corporation, had received a certificate of convenience and necessity and had operated thereunder. Later it sold all of its equipment and discharged its employees and all of its stock was sold to the New Jersey interests. Its name was then changed to Public Service Interstate Transportation Co., Inc., the petitioner in this proceeding. Petitioner retained its corporate right to transact business and its certificate of convenience and necessity. For a substantial period thereafter no bus line was operated locally in accordance with its known schedule. As to no time since it sold its equipment has it been shown that petitioner itself operated the line. The claim now made in its petition for certiorari is that an affiliated New Jersey transportation company supplied it with buses and drivers on a rental basis pending the purchase of buses of its own. There is no proof of any such rental or purchase by petitioner or that it did itself operate the line and manage it in its own corporate capacity, or that it paid such rental or handled the proceeds of the business through its own officials and employees, or that it kept any books. Nothing of that sort was shown to have existed up to the last hearing. The proof is that the buses of a New Jersey affiliated company were being used in connection with the New Jersey company's interstate line which covered the same route. The inference to be drawn was that

such transportation as was furnished intrastate over the route in question was managed and operated wholly by the New Jersey company without any more participation by the petitioner than if, in fact, the petitioner had assigned its certificate to the New Jersey company. If, in fact, the line was operated by the New Jersey company on its own account, by assignment of the certificate of convenience and necessity, express or implied, such assignment to be valid required the approval of the Public Service Commission. That was not obtained. The petitioner did not, nor did any one in its behalf or otherwise, continue to report to the Public Service Commission. If the petitioner did not itself operate the line, either because it assigned its certificate or because it abandoned its right to do so by allowing the operation to be conducted by another for its own benefit, the petitioner cannot complain that the Public Service Commission has ignored the former certificate in making this determination. It violated no rule of law, nor was it arbitrary, as I see it. This court cannot, upon this record, show that the petitioner, apart from the New Jersey interests as a whole, has been operating under the certificate belonging to the petitioner.

At no time did the petitioner try to prove any operating agreement which might be helpful to it. It even objected to the consideration of the subject on cross-examination of one of its officials. It may be inferred that it did not offer this proof or join with intervenor in asking that it be received because it would be damaging to it if actually received or that no such operating contract actually had existed. It is rather late now to ask for a rehearing to offer such proof. The petitioner has no one to blame but itself. I could vote to confirm the determination but I dissent from any annulment of the determination which goes beyond remitting the matter to the Public Service Commission for rehearing to allow petitioner an opportunity to make proof of the methods of operation of the line.

RHODES, J., concurs.

Order annulled and petition denied, with costs.