Day, Appellant, v. Pa. Public Service Commission.

462

Argued October 28, 1932.

Before Trexler, P.
J., Keller, Gawthrop, Cunningham and Baldrige, JJ.

*Robert F. Bogatin,* and with him *Simon Pearl,* for appellant.—There is, within the Pennsylvania statutes, no power or authority vested in the Commission to revoke certificates of public convenience. Diehl v. Public Service Commission, 69 Pa. Superior Ct. 419.

*John Fox Weiss,* Counsel, and with him *E. Everett Mather, Jr.,* Assistant Counsel, for appellee, cited: Collins v. Public Service Commission, 84 Pa. Superior Ct. 58; Relief Electric L. H. & P. Co's Petition, 63 Pa. Superior Ct. 1; New York Electric Lines Company v. Empire City Subway Company, 235 U. S. 179.

*Frederic L. Ballard,* and with him *M. Randall Marston,* for Yellow Cab Company of Philadelphia, intervening appellee.

OPINION BY BALDRIGE, J., January 25, 1933:

This appeal is from an order of the Public Service Commission revoking a taxicab certificate of public convenience.

The appellant contends (1) that the commission is without statutory authority to make such an order; (2) that its action was discriminatory and arbitrary.

We concede that the commission derives its authority wholly from statute and is limited in its powers to those expressly granted or such as are implied necessarily from a grant of such power: Harmony Electric Co. v. P. S. C., 78 Pa. Superior Ct. 271. The appellant, in asserting that there is no statutory authority to revoke a certificate of public convenience, ignores two important provisions in the Public Service Company Law of July 26, 1913, P. L. 1374. Section 27 of Art. V (66 PS §691) reads: "In addition to the foregoing expressly enumerated powers, the commission shall have full power and authority, and it shall be its duty, to enforce, execute, and carry out, by its orders, rulings, regulations, or otherwise, all and singular the provisions of articles two and three of this act, relating, respectively, to the duties and limitations, and to the creation and the powers, and limitations of the powers, of public service companies; and, all and singular, the other provisions of this act, and the full intent thereof; and shall have the power to rescind or modify any such orders, rulings, or regulations." In Art. VI, dealing with procedure, we find in §12 (66 PS §773) this language: "The commission shall have the power to rescind or modify findings, determinations, or orders made under the provisions of this act, upon such notice and in such manner as it shall deem proper, and may grant rehearing for cause shown." Such a right was recognized by us in Andrews v. P. S. C. et al., 88 Pa. Superior Ct. 306, wherein we held that under the regulatory power of the commission it has the au-

thority to annex reasonable conditions which impose no burden not contemplated by the statute. The restricting of the operation of a taxicab to a certain area is to prevent competition, so that adequate service may be furnished to the public: Kulp v. P. S. C., 82 Pa. Superior Ct. 83.

We cannot accept the appellant's argument that the commission had no power to revoke his certificate as it would destroy his property right. The revoking of a certificate of public convenience by the Public Service Commission was sustained in Diehl v. P. S. C., 69 Pa. Superior Ct. 419, 421, wherein the court said: "The commission had as full power to revoke the certificate granted to Diehl, as it had to grant it, upon due cause being shown." It is true the original certificate in that case was held to have been improperly granted. The certificate of public convenience may, in a sense, involve a right in the nature of a franchise, but it does not follow that a certificate cannot be destroyed or revoked by the regulatory authorities when its destruction is merely incident to the enforcement of a law enacted to the interest of the public: Relief Electric L. H. & P. Co's. Petition, 63 Pa. Superior Ct. 1. In New York Electric Lines Co., Inc. v. Empire City Subway Co., 235 U. S. 179, 194, 59 L. Ed. 184, 192, it is stated: "In the cases where the right of revocation in the absence of express condition has been denied, it will be found that there has been performance at least to some substantial extent, or that the grantee is duly proceeding to perform. And when it is said that there is vested an *indefeasible* interest, easement, or contract right, it is plainly meant to refer to a franchise not only granted, but exercised in conformity with the grant...... It is a tacit condition annexed to grants of franchises that may be lost by misuser or nonuser...... Although the franchise is property, 'it is subject to defeasance or forfeiture by failure to exercise it.' " See also Old Colony

Trust Co. v. Omaha, 230 U. S. 100, 114, 57 L. Ed. 1410, 1416, and New Orleans Waterworks Co. v. Louisiana, 125 U. S. 336, 347, 46 L. Ed. 936, 942.

Furthermore, if we adopt the contention of the appellant, an order of the commission, authorizing the maintenance of a railroad crossing protected by lights, may not be revoked or changed by ordering other or additional safeguards, notwithstanding the lights prove to be inadequate to protect the travelling public. If that position is sound, it is very obvious that the commission's authority would be limited to an extent never contemplated by the law: Andrews v. P. S. C. et al., supra. That a privilege to approve implies the power to revoke has been recognized in other jurisdictions: Board of Public Utilities Com'rs v. Sheldon (N. J.), 124A. 65; Public Service Interstate Transportation Co., Inc. v. P. S. C. of New York et al., 258 N. Y. 455, 180 N. E. 170, which reversed the opinion of an intermediate appellate court, reported in 233 App. Div. 162, 251 N. Y. S. 350, and cited by appellant. See also New York Electric Lines Co., Inc. v. Empire City Subway Co., supra.

Our conclusion is that the granting of this certificate of public convenience did not vest an indefeasible right in the appellant.

(2) Nor do we find any abuse of discretion in revoking and rescinding the appellant's rights and privileges. That is an administrative function with which we will not interfere unless there is an exercise of arbitrary power, which is not present in this case.

The record discloses that Day, on a number of different dates, had been guilty of violating the express terms of certificates issued to him and the commission's rules and regulations. On November 27, 1923, he was found guilty of illegal operation, and ordered to cease and desist. A certificate was later granted him, and when it expired, in June, 1927, the commission issued

an order refusing to renew it because of violations. The certificate issued to him on May 20, 1929, was definitely conditioned: "Third: That the applicant shall comply with all the provisions of the Public Service Company Law as now existing or as may hereafter be amended, and revised General Order No. 18, effective April 1, 1929, or as may hereafter be revised and any other rules and regulations as may hereafter be prescribed by the Commission." Day, however, continued his flagrant violation, and on June 13, 1932, the commission entered this rule upon him to show cause why certificate should not be revoked. The evidence thus fully established violations of clear and distinct conditions, despite repeated warnings. It is true, in some instances, that the Public Service Commission has imposed fines and resorted to injunction proceedings to prevent illegal conduct. But it is not confined to those remedies, as it has revoked certificates a number of times when the facts seemed to warrant such action. The appellant, in his application for certificate, asked for the right to render taxicab service in the city of Philadelphia from a stand at 19th and Market Streets, and obtained such an order, which was subsequently changed by the commission, at his request, to 12th and Market Streets and the ferries. If he saw fit to violate proper rules and regulations by operating at various times in other localities, he is not in a position to complain of a penalty that has been inflicted upon him. He and other holders of certificates should recognize that they are required to operate their taxicabs in obedience to the law; that a granting of a privilege also imposes a performance of duty which should be discharged.

The appeal is dismissed.