## Hubert et al., Appellants, *v.* Public Service Commission.

Argued May 1, 1935.

Before KELLER, P. J., CUN-
NINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and
RHODES, JJ.

*John M. Walker,* with him *George P. Slesinger,* for
appellants.

*John C. Kelley,* with him *Samuel Graff Miller* and
*Richard J. Beamish,* for Public Service Commission.

*A. M. Donnan,* for Pennsylvania Railroad Company,
intervening appellee.

OPINION BY KELLER, P. J., July 18, 1935:
This is an appeal by Louis M. Hubert and Earl V.
Singer, co-partners trading as East Liverpool-Pitts-
burgh Motor Freight, from an order of the Public Serv-

ice Commission refusing to grant them a certificate of public convenience to operate motor vehicles for the transportation of freight, merchandise or other personal property between Pittsburgh and the boroughs of Industry, Midland and Smiths Ferry, Pennsylvania. The appellants are already engaged as common carriers of freight in interstate service, between points in Ohio and Pittsburgh, and in their interstate route their trucks pass through the boroughs of Industry, Midland and Smiths Ferry in this State. As interstate common carriers they are not subject to the regulation of our Public Service Commission and need no certificate of public convenience authorizing the beginning or carrying on of the transportation of freight, etc., in interstate commerce. By the present application they sought the Commission's approval of the right to operate motor vehicles for transporting goods, freight, etc., in Pennsylvania in intrastate commerce, intending to use the same trucks for both purposes.

The Commission refused the application and found that approval of the present application was not necessary or proper for the service, accommodation or convenience of the public, because the applicants had been persistent violators of the provisions of the public service company law and had operated as intrastate common carriers of goods, freight, etc, in Pennsylvania without first having secured the approval of such operation by the Public Service Commission, and in defiance of a number of "cease and desist" orders which had been entered against them by the Commission following complaints of their violation of the statute. In view of this finding, the Commission held that it was not necessary to decide whether motor truck service over the route should be authorized.

We have frequently held that we will not interfere with administrative rulings of the Commission, unless they are clearly unreasonable or violative of law or

show a flagrant abuse of discretion. We discover no such illegality or abuse of discretion in the refusal of the Commission to issue a certificate of public convenience to an applicant, who for several years has persistently flouted and defied the public service company law and the orders of the Commission; and this without passing on the question whether such service, when carried on by some proper person, might be advisable and for the public convenience. The Commission has a right in passing on such an application to consider the fitness of the applicant in the light of his past record: Day v. P. S. C., 107 Pa. Superior Ct. 461, 164 A. 65.

But the appellants deny the right of the Commission to make this ruling because they claim that the alleged violations of the Public Service Company Law, which moved the Commission to refuse the application, were not transactions by them as common carriers, but as private carriers, and hence did not subject them to the regulation and supervision of the Commission.

We have no disagreement with decisions holding that the same person may be engaged in one line of business as a common carrier and in another line of business as a private carrier: Chenery v. Employers' Liability Assurance Corp., 4 Fed. (2) 826; Terminal Taxicab Co. v. Dist. of Columbia P. U. Commission, 241 U. S. 252. Our own cases recognize this: See Frantz v. P. S. C., 93 Pa. Superior Ct. 416, 418. But we refuse to extend or apply this ruling to the use of the same facilities, at the same time, in both common carrier and private carrier transportation.

It was shown that these appellants, while transporting goods and freight, as common carriers, in trucks, in interstate service, had for several years persisted in picking up and hauling goods and freight, along the line of their route in this State, for delivery in intrastate service in Pennsylvania, claiming to do so as

private carriers. Being engaged as a *common carrier* of goods, etc. in interstate commerce in Pennsylvania —as to which they needed no certificate from the Public Service Commission—they could not, at the same time they were so engaged, receive and transport any goods in Pennsylvania in intrastate commerce, with the same facilities which they were using as common carriers, without subjecting themselves to the jurisdiction of the Public Service Commission as to such intrastate carriage, and first securing from it a certificate of public convenience. A common carrier, whether individual or corporate, who is transporting goods or freight by truck, in interstate commerce, cannot at the same time, on the same trip, and with the same truck, haul or transport goods or freight as a private carrier. A truck or van devoted by a common carrier to the transportation of goods, freight, etc. cannot at the same time and on the same journey be used by it for the transportation of other goods, freight, etc. as a private carrier. We thought we had made this clear in our decision in York Motor Express Co. v. P. S. C., 96 Pa. Superior Ct. 174, 177, where we said: "The appellant ...... cannot be both [a common carrier and a private carrier] at the same time, with the same facilities."

We, therefore, conclude that the Commission was warranted in issuing its "cease and desist" orders against appellants, and that, in failing to obey said orders, appellants violated the public service company law.

The order appealed from is affirmed and the appeal is dismissed.