## Armour Transportation Company, Appellant, *v.* Pennsylvania Public Utility Commission.

Argued October 8, 1943. Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and RENO, JJ.

*Charles G. Gartling,* for appellant.

*Allen Lesley,* with him *Harold A. Scragg* and *James H. Duff,* Attorney General, for appellee.

OPINION BY HIRT, J., December 10, 1943:

Pennsylvania Public Service Commission by order dated June 26, 1934 issued a certificate of public convenience to Armour Transportation Company, appellant, for a definite limited period ending February 1, 1936. Under the certificate this corporation acquired rights of a common carrier in transporting household goods by motor vehicle between Philadelphia and other points within the State. When appellant petitioned for a renewal of the certificate at its expiration, a protest was filed by Furniture Mover's Association composed of a number of carriers similarly certified. After full hearing (attended also by two other carriers as protestants) the commission on July 1, 1936, refused to renew the certificate and ordered appellant to cease and desist from intrastate transportation as a common carrier. Petitions for rehearing and reconsideration were refused whereupon this appeal was taken from the above order. With the consent of the commission appellant continued to operate (as though a supersedeas had been

granted) until it was forced out of active business by its inability to secure the necessary trucks. The argument on this appeal was continued by agreement for more than four years and until the present term of this court. In the meantime the commission which made the order was supplanted by the Public Utility Commission (Act of May 28, 1937, P. L. 1053, 66 PS 1101, et seq.). Thereafter on petition of the new commission, in which appellant joined, the record was remitted to it for further consideration. On November 30, 1942, the Public Utility Commission filed its opinion and, upon its findings from the testimony, affirmed the order entered by its predecessor on July 1, 1936. Thus it appears that two commissions differently constituted have come to the same conclusion on the facts here involved. We agree with their conclusion and the order will be affirmed.

Appellant's certificate terminated on February 1, 1936 of its own limitation. The status of appellant, therefore, in applying for a renewal was much the same as when it first petitioned for a certificate. The fact that under the practice of the commission prior certification in itself was considered evidence of need for the service or that certificates often were renewed in the absence of protest as a matter of routine, is unimportant. At the hearing, on the issues raised by protestants, the burden was on appellant to establish that it was financially able to give reliable and responsible service to shippers and that it was otherwise fit, in the interest of the public, to be entrusted with a renewal of its franchise with the powers and privileges of a common carrier.

On both counts appellant has failed to sustain the burden upon it. This appellant in reality is a one man corporation; the man is Louis Fox, its president and treasurer. We may look through the veil of corporate structure to the realities as demonstrated by Fox's conduct. *S. G. V. Co. v. S. G. V. Co.*, 264 Pa. 265, 107 A.

721; *Tucker v. Binenstock*, 310 Pa. 254, 165 A. 247; *E. Silk Mfg. Co. v. First N. B. & T. Co.*, 338 Pa. 139, 12 A. 2d 40. Its affairs were indiscriminately intermingled by Fox with those of a storage company, another corporation similarly controlled by him. The storage company bought the trucks used by the transportation company and transferred them to it without consideration. When the storage company became financially involved with judgments of record against it, Fox acquired its assets for the transportation company without assuming any of its liabilities; he then surrendered the storage company's charter and dissolved that corporation. No reliance can be placed on his testimony as to the real financial worth of appellant. No corporate books, balance sheets, statements or records were produced. Bearing upon appellant's fitness, there is evidence of numerous complaints as to the quality of the service rendered. There is also direct testimony of three instances when appellant failed to make deliveries as agreed or within a reasonable time thereafter. And when goods were damaged or lost, defendant refused to settle the claims by payment of any sum approaching the full amount of the loss. In passing upon the application for renewal the commission properly determined the question of appellant's fitness in the light of its past record, the manner of conducting its transportation business and its disregard of the rights of shippers. *Day v. Pa. Pub. Serv. Com.*, 107 Pa. Superior Ct. 461, 164 A. 65; *Hubert et al. v. P. S. C.*, 118 Pa. Superior Ct. 128, 180 A. 23.

In this appeal we are limited to a determination whether there is lack of evidence to support the order of the commission or other error of law. Public Utility Law, supra, art. XI, §1107, 66 PS 1437. There is substantial evidence with rational probative force fully sustaining the order and there our inquiry ends. *Mod. Trans. Co. v. Pa. Pub. Util. Com. et al.*, 139 Pa. Superior Ct. 197, 12 A. 2d 458; *Ryan et al. v. Pa. P. U. C.*,

143 Pa. Superior Ct. 517, 17 A. 2d 637. The commission properly based its order on the interests of the public as distinguished from the interest of appellant. *Perry Co. Tel. & Tel. Co. v. Pub. Serv. Com.*, 265 Pa. 274, 281, 108 A. 659. No error of law appears from the record before us.

Order affirmed.