## Byham, Appellant, *v.* Pennsylvania Public Utility Commission.

Argued April 19, 1949. Before RHODES, P. J., HIRT, RENO, DITHRICH, ARNOLD and FINE, JJ. (ROSS, J., absent.)

*F. Joseph Thomas* for appellant.

*Albert E. Luttrell,* with him *Charles E. Thomas,* for Pennsylvania Public Utility Commission, appellee.

*Kenneth W. Rice,* for intervenor, appellee.

OPINION BY FINE, J., July 15, 1949:

Richard J. Byham, appellant filed his application with the Pennsylvania Public Utility Commission for a certificate of convenience authorizing him to transport as a common carrier persons upon call and demand in

the City of Meadville, Crawford County. William E. Toboz, intervening appellee, doing business as Lafayette Taxi Service, a certificated carrier within the City of Meadville, filed a protest to the application. Hearings were held on the application and the Commission, on December 6, 1946, entered an order dismissing the application. This appeal followed.

The Commission, on March 7, 1949, pursuant to our allowance of its petition for remission of the record, filed an order, superseding its order of December 6, 1948, containing detailed findings of fact and a detailed analysis of the testimony adduced by both appellant and intervening appellee. Our review of the testimony establishes that there is ample evidence to support the Commission's findings and order in the present case and, therefore, the order appealed from will be affirmed.

Appellant sets forth in his application that he is the owner of three passenger cars which he intended to operate if his application were approved; that he possesses assets of $4,900.00, and liabilities of $300.00. He testified that he is the owner of only one of the aforementioned vehicles, namely, a 1941 Buick sedan; that a 1938 Buick sedan is the property of his father and mother; that a 1941 Plymouth sedan is the property of his brother; that both Buick vehicles have in excess of 70,000 miles on their speedometers, and the Plymouth car is a taxicab, formerly used by the intervening appellee; that although he does not own two of the automobiles, he listed them as his assets in his application; and, also, that his mother gave him $1,900.00, notwithstanding his prior testimony that he had earned it.

Appellant had made no arrangements for any telephone service, nor for any radio equipment for any of his cabs in the event the Commission granted him a certificate. He conceded that the equipment which intervening appellee uses in the call or demand service is in good condition. He is twenty-four years old and his

previous experience in operating a cab business was derived from working for intervening appellee's predecessor as a driver from June, 1945, to April 1, 1946, and as a driver and then as a dispatcher for intervening appellee from April 1, 1946, to September, 1947. Between 1942 and 1946, the appellant was arrested on numerous occasions for drunkenness and disorderly conduct.

Evidence adduced on behalf of intervening appellee established that he and Donald T. Rhedom acquired the taxicab service on April 1, 1946; that on February 17, 1947, he took over the sole operation of the company; that on April 1, 1946, there were five vehicles in service; that these five vehicles have all been replaced and five additional vehicles added, so that the present fleet consists of ten late model automobiles; that eight of his cabs are equipped with two-way radios; that he employs thirteen regular drivers, a dispatcher, a bookkeeper and a full-time mechanic, besides additional part-time employes who can be called upon in emergencies; that since acquiring the cab company he has purchased an office with a waiting room for passengers and has constructed a new modern garage for servicing his taxicabs; that his total investment as of the date of hearing was $31,073.86; and, that he was financially able and willing to increase his fleet of cabs at any time service became inadequate or if ordered so to do by the Commission.

Twenty-three witnesses called by appellee testified that the present service is operating adequately, efficiently, and is furnishing the residents of Meadville excellent service, and that there is no present necessity for any additional taxicab service. Records, required to be kept by the Federal Communications Commission since the installation and operation of the radio system, were produced and revealed that from March 13 to March 31, 1948, there were 8,786 passengers transported. Of these 8,786 calls, cabs were dispatched in 94 percent of the

cases in less than nine minutes, and for 4,701 calls, cabs were dispatched in one minute or less. During the month of April, 1948, 14,148 calls were received, and of these 94 percent were dispatched in less than nine minutes and only four calls were dispatched in more than thirty minutes. From May 1, to May 12, 5,216 calls were received, and of these 94 percent were dispatched in less than nine minutes. .

Appellant contends that (1) the order is not supported by competent and relevant evidence; and (2) the prior arrests, which he concedes, were for minor violations and do not warrant dismissal of his application for that reason.

The scope of appellate review as prescribed by §1107 of the Public Utility Law, Act of 1937, P. L. 1053, art. XI, §1107, 66 PS §1437, does not permit independent determination by this Court of matters of fact here presented: *Gannon v. Pennsylvania Public Utility Commission*, 162 Pa. Superior Ct. 88, 90, 56 A. 2d 366; *Yellow Cab Co. v. Pennsylvania Public Utility Commission*, 161 Pa. Superior Ct. 41, 45, 54 A. 2d 301; *Colombo v. Pennsylvania Public Utility Commission*, 159 Pa. Superior Ct. 483, 487, 48 A. 2d 59. Nor may the Court inquire into the wisdom of acts resulting from an exercise of administrative discretion. Particularly is this true as regards matters relating to the nature and extent of competition, if any, to be allowed within a given territory: *Yellow Cab Co. v. Pennsylvania Public Utility Commission*, supra, 51; *Aizen v. Pennsylvania Public Utility Commission*, 163 Pa. Superior Ct. 305, 310, 60 A. 2d 443.

The Commission properly concluded that intervening appellee was adequately supplying the need of the public within the territory served and that there was no public necessity for additional service. If, however, it be assumed, arguendo, that proof of necessity was made out by appellant, it is settled that whether com-

petition should be allowed and, if so, the extent thereof, is a matter of administrative discretion delegated by the legislature to the Commission and not to the courts: *Gannon v. Pennsylvania Public Utility Commission,* supra, 91; *Aizen v. Pennsylvania Public Utility Commission,* supra. An order of the Commission may be vacated or set aside only for an error of law, lack of evidence to support the findings, or for a violation of constitutional rights. *John Benkart & Sons Co. v. Pennsylvania Public Utility Commission,* 137 Pa. Superior Ct. 5, 8, 7 A. 2d 584; *Armour Transportation Co. v. Pennsylvania Public Utility Commission,* 154 Pa. Superior Ct. 21, 24, 34 A. 2d 821. Review of the present record clearly establishes that the findings of the Commission are amply supported by substantial evidence of probative value.

The Commission did not err in giving consideration to appellant's record of prior convictions. Determination by the Commission of the merits of an application for a certificate of public convenience requires that it scrutinize the fitness of the applicant. This fact is peculiarly important where taxicab privileges are sought. *Hubert v. Public Service Commission,* 118 Pa. Superior Ct. 128, 131, 180 A. 23; *Day v. Pa. Public Service Commission,* 107 Pa. Superior Ct. 461, 466, 164 A. 65.

The order of the Commission is affirmed.