York Express Co., Appellant, *v.* P. S. C.

Argued March 17, 1933.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Robert C. Fluhrer,* for appellant.

*W. S. T. Hurlock, Jr.,* for intervening appellee.

*John Fox Weiss,* Counsel for The Public Service Commission, appellee.

OPINION BY PARKER, J., October 2, 1933:

The Motor Freight Express had a certificate of public convenience authorizing it to transport freight between York and Reading via Lancaster, and between Harrisburg and Philadelphia via Lancaster, subject to a number of restrictions as to furnishing service between intermediate points. It then presented to the Public Service Commission an application for a certificate to serve certain towns near York which it was not authorized to serve by its former certificate and to transport freight and merchandise between Philadelphia and York and other points west of Lancaster either directly or by transfer to its trucks operating from Harrisburg to Philadelphia. The Commission refused the company's application for the right to serve additional towns, but entered an order authorizing it to combine portions of its two existing routes so as to permit service between York and points west of Lancaster and Philadelphia. The York Motor Express Company has a certificate of public convenience authorizing the transportation of freight between certain towns in York County and the city of Philadelphia. It appeared as a protestant against the granting of a new certificate to the Motor Freight Express and has appealed from the order entered by the Commission.

The appellant concedes the well established principles that in determining matters such as are involved in this appeal, the court confines itself to the ultimate question as to whether the Commission acted

within its powers; that we may not consider the expediency or wisdom of the order or whether, on the testimony produced, we would reach a similar result; and that we must confine our inquiry to the question whether the order was so manifestly unreasonable as to justify a reversal or was not in conformity with law. It contends, however, that there was not sufficient testimony to sustain the order and that the manifest weight of the evidence proved that there was no need or demand for the additional service. At least four competent witnesses testified as to the need and demand for such service. We, therefore, cannot say that there was not any evidence to support the conclusion of the Commission. While the protestant called fifty-eight witnesses, the testimony of most of them was to the effect that the witnesses, or the persons by whom the witnesses were employed, were well served by the York Motor Express Company, and that they, or their companies, did not require additional service. Such facts, if established, were not conclusive of the controversy. Neither can the weight of the testimony be properly determined in a proceeding of this kind by counting noses, any more than it can in a common law case. One assertion supported by facts and reasons may be more persuasive than the mere expression of an opinion by a dozen. The very facts established by the appellant demonstrated beyond question that there is need for some service in the district involved, and it only remained to be ascertained how that demand should be supplied, whether by one, two, or more carriers. Such, under the facts shown, was surely an administrative question and not a question of law.

It was proper for the commission to take into account the fact that applicant's two routes crossed at Lancaster and that by a consolidation and interchange of freight at the junction, economies could be effected

and additional service furnished without proportionate outlay. After full consideration of all the evidence, we are all of the opinion that there was sufficient competent and relevant evidence to support the order of the Commission, and we cannot say that such order was so manifestly unreasonable as to justify its reversal, nor are we able to find any respect in which it was not in conformity with law.

The order of the Public Service Commission is affirmed and the appeal is dismissed at cost of the appellant.