Motor Freight Exp. and Hall's Motor Transit Co., Inc., Appellants, *v.* Public Service Commission.

Argued October 19, 1934.

Before KELLER, CUNNINGHAM, BALD-
RIGE, STADTFELD and PARKER, JJ.

*E. Mode Vale*, with him *Sterling G. McNees* and
*Gilbert Nurick*, for appellants.

*Samuel Graff Miller*, with him *Paul H. Rhoads, E.
Everett Mather, Jr.*, and *John Fox Weiss*, for ap-
pellee.

OPINION BY CUNNINGHAM, J., March 13, 1935:

Hall's Motor Transit Company, Inc., one of the ap-
pellants, has for some years been a certificated opera-
tor of motor trucks for the transportation of specified
classes of freight over routes running from Williams-
port to York, with a branch from Sunbury to Scran-
ton. It has been accepting shipments at various points
on its routes destined to points located upon the routes
of Motor Freight Express, the other appellant herein.
The latter has also been accepting shipments to points
upon the routes of the former. Appellants have been
participating in joint rates and their transfer point is
Harrisburg.

This interchange of freight at Harrisburg had never been formally approved by the commission. It fell within the prohibitions contained in Rule 5, Clauses (c) and (e), of the commission's General Order No. 29, effective January 1, 1933, and prescribing "Rules and Regulations Governing Common Carriers of Property by Motor Vehicle." The portions of the rule here involved read:

"Rule 5

CLASS (a) TRUCKERS

Unless otherwise specifically provided in the certificate of public convenience, truckers operating between fixed termini or over designated routes shall have the following rights and be subject to the following limitations:

\* \* \* \* \* \* \* \*

(c) They shall not accept property destined to points not on the route, unless application has been made for such right and approval granted, excepting that they may accept property for delivery to railroad stations on the route for further transportation by rail.

\* \* \* \* \* \* \* \*

(e) They shall not participate in through routes or joint rates with other truckers, unless application has been made for such right and approval received. ......"

Appellants filed with the commission their joint application for its approval of "the right and privilege of accepting property at points located on the routes of each, and destined for points located on the routes of the other, said property to be transferred at Harrisburg (see amendment, Record 14a) with the right to participate in through and joint rates." Protests were filed by Reading Company, Reading Transportation Company and Pennsylvania Railroad Company.

After a hearing, the commission entered its report

and order, under date of April 9, 1934, denying the application. The present appeal is from that order.

The commission assigned these grounds for its refusal: "It [Hall's Motor Transit Co.] transferred very little from points on its lines. Most of the shipments were from Philadelphia and Lancaster to Sunbury, Wilkes-Barre and Scranton. There is adequate rail and authorized truck service available for most of the shipments involved. The commission cannot find that approval of this application is necessary for the service, accommodation or convenience of the public, and the application will be refused."

Motor Freight Express, one of the present appellants, was also an appellant, along with Horn's Motor Express, Inc., in an appeal to No. 15 March Term, 1935, of this court, from a similar order of the commission refusing to approve the interchange of freight between it and Horn's Motor Express, Inc., at Harrisburg.

In the opinion filed in that case, 117 Pa. Superior Ct. 165, 177 A. 490, we held, for the reasons there stated, that the commission has jurisdiction to direct, approve or forbid the interchange of freight between two or more connecting motor carriers, operating under their respective separate certificates.

We were of opinion, however, that the commission had exercised its power unreasonably and illegally in that case. Our reversal of that order was based exclusively upon the ground that it amounted to an unwarranted discrimination against shippers along a portion of the route of Horn's Motor Express, Inc.

In dealing with appeals from such administrative orders as the commission is empowered to make, we do not reverse unless the order appealed from is clearly unreasonable or not in conformity with law. We confine ourselves to the question whether the commission acted within its powers and jurisdiction, and

do not undertake to pass upon the expediency or wisdom of the order, if there was sufficient competent evidence to justify the action of the commission: York Express Co. v. P. S. C., 110 Pa. Superior Ct. 197, 168 A. 327, and P. P. & L. Co. v. P. S. C. et al., 112 Pa. Superior Ct. 500, 171 A. 412.

Upon consideration of the record and briefs in this case, we are convinced that the refusal of the commission to grant the application of these appellants was warranted by the evidence.

Appeal dismissed.