John Benkart & Sons Company, Appellant, *v.*
Pennsylvania Public Utility Commission.

Argued April 27, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE,
STADTFELD, PARKER, RHODES and HIRT, JJ.

*John M. Walker,* for appellant.

*Thomas M. Kerrigan* and *Harry M. Showalter,* for appellee, Public Utility Commission, filed no brief and made no argument.

*Anne X. Alpern,* with her *Leo Daniels,* for intervenors.

OPINION BY RHODES, J., July 13, 1939:

George DeBolt, George DeBolt, Jr., and J. P. DeBolt, copartners, trading as DeBolt Transfer, applied to the Public Utility Commission for the extension of the privileges granted by their certificate of public convenience. This certificate authorized them, inter alia, to transport property, as a class C carrier, from points in Homestead and within 5 miles, excluding the city of Pittsburgh, to points within 15 miles, and vice versa.

Protests against the granting of the application were filed by numerous carriers operating within the area covered by the proposed extension of the privileges granted by applicants' certificate. All of the protestants averred, in effect, that the additional service which applicants proposed to render was neither necessary nor proper for the service, accommodation, convenience, or safety of the public. After several hearings before examiners for the commission, the commission granted applicants the right "to transport property, between points in the Borough of Homestead, Allegheny County, and within a radius of 50 miles thereof." From this action of the commission, John Benkart & Sons Company, one of the protestants, has appealed.

Appellant contends that the evidence is not sufficient to support the order, and that it has established upon the record that the findings and order of the commission were contrary to law and the evidence in the case. In its report and order the commission found that "although there are carriers available who are providing

a service somewhat similar to that proffered by the applicant, such service is inadequate. The shippers attribute the cause of inadequacy to the fact that the available carriers in this territory do not provide prompt pick-up and delivery service; a service for which a need was definitely established because the building and construction industry to which these shippers cater demands prompt and scheduled delivery. The evidence further established, without contradiction, that the shippers' failure to furnish such service to their customers has directly resulted in losses to them. Such losses are incurred because the shippers are required to reimburse their customers for any damage suffered as a consequence of delayed delivery.

"In addition, witnesses on behalf of the applicant testified that the applicant has always furnished them with prompt pick-up and delivery service and that his expeditious service is necessary in the additional territory.

"After consideration of all of the evidence we find that approval of this application is necessary and proper for the service, accommodation, and convenience of the public. . . . . . . "

In support of applicants' application 7 witnesses testified, including representatives of several large manufacturers of steel and iron products who make extensive shipments within a radius of 50 miles of Homestead. The evidence thus produced shows an inadequacy of the available service to meet the hauling needs of shippers in the territory involved, and a need for the service to be rendered by applicants, and supports the commission's findings and order. Applicants have 10 modern trucks and a 3-story warehouse, and 2 garages. They offer a twenty-four hour pick-up and delivery service. In Homestead and vicinity are located many large industrial concerns. Representatives of many of these concerns testified that they were handicapped by the inadequacy of the present service. It is

unnecessary to give in detail the testimony upon which the commission found that there was a necessity for the additional service. It is sufficient to refer to the testimony of F. E. Glick, who has charge of the production and shipping division of the Reliance Steel Products Company, located in Rankin, Pa., which is approximately three miles from Homestead. This company has a subsidiary mill in McKeesport which is beyond the scope of the original certificate held by applicants. It ships a considerable portion of its production to points in the territory embraced by applicants' application. This witness was familiar with the other carriers in that territory, and had utilized the services of most of them. Railway service was uneconomical and unsatisfactory for less than carload shipments on account of the delay. He testified that the other carriers in the area had proved unsatisfactory, and described in detail his experiences with many of them. He had found the service rendered by applicants satisfactory in every respect. In his opinion it was necessary in the conduct of the business of the company which he represented that the applicants be granted the privileges sought in their application. Other witnesses similarly testified as to the need and demand for the service to be rendered by applicants.

Counsel for appellant maintains that the testimony of protestants' witnesses indicates that the proposed service of the applicants would be in direct competition with that which they now offer, and that such proposed service is in no way necessary or proper for the accommodation, convenience, or safety of the public. The testimony of applicants' witnesses clearly supports the finding of the commission that the existing service in the area does not meet the requirements and need of the shippers in that area. The need for the service which applicants propose to render is unquestioned. Whether the available transportation facilities in this area are, under the facts shown, sufficient and adequate

to supply the demand is purely an administrative question. We have frequently stated that the extent to which there shall be competition in the intrastate transportation of freight and merchandise by common carrier is largely a matter of policy which the legislature committed to the Public Service Commission, and has now committed to the Public Utility Commission, and that the question is, for the most part, an administrative one which must be left to the sound judgment and discretion of the commission, and that its decision, if based on competent and relevant evidence, will not be disturbed by this court unless it is so capricious, arbitrary, or unreasonable as to amount to error of law or a violation of constitutional rights. See *John Benkart & Sons Company et al. v. Pennsylvania Public Utility Commission*, 137 Pa. Superior Ct. 5, 7 A. 2d 584; *Beaver Valley Service Co. v. P. S. C. et al.*, 122 Pa. Superior Ct. 221, 186 A. 304; *Steward v. P. S. C. et al.*, 119 Pa. Superior Ct. 353, 181 A. 329; Act of May 28, 1937, P. L. 1053, art. 11, §1107, 66 PS §1437. We find no error of law or lack of evidence to support the findings and order of the commission, nor is the order violative of constitutional rights.

Appeal is dismissed, and the order of the Public Utility Commission is affirmed, at the cost of appellant.