Colombo et al., Appellants, *v.* Pennsylvania Public Utility Commission.

Argued March 12, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*George I. Puhak* and *Rocco C. Falvello,* for appellants.

*H. Ray Pope, Jr.,* with him *Vincent P. McDevitt* and *James H. Duff,* Attorney General, for appellee.

*Israel T. Klapper,* with him *Pauline G. Evansha, G. Harold Watkins* and *Osborne Wisansky,* for intervening appellee.

OPINION BY ROSS, J., July 19, 1946:

Albert DeFrancesco, trading and doing business as Hazel Cab Company, on September 27, 1944, applied for the right to transport as a common carrier persons upon call and demand in the City of Hazleton, Luzerne County, Pennsylvania. The appellants, taxi operators certificated and authorized to render call and demand service in the area covered by the DeFrancesco application, opposed the granting of the certificate of public convenience applied for. After hearings, the commission on January 15, 1945, dismissed the application on the

ground that it had not been established that the service desired to be rendered by the applicant was necessary for the accommodation, convenience or safety of the public, a copy of the commission's order being served upon the applicant on January 23rd. Thereafter the applicant petitioned for a rehearing, which was granted. There is a dispute between the parties as to the date of filing the application for a rehearing, the appellants contending that it was not filed within the 15-day period as provided in Section 1006 of the Public Utility Law (66 PS 1396), and the commission contending that it was filed on February 5, 1945, which would be within the 15-day period. From an examination of the original papers in this matter we are convinced that the application for rehearing was filed on February 5, 1945. On September 24, 1945, the commission rescinded its action of January 15th, the application, without findings of fact, was approved, and the appellants appealed to this court, together with the petition for allowance of a supersedeas, which was refused. On December 12, 1945, pursuant to petition of the commission, this court ordered the record remitted for the purpose of making specific findings of fact.

On January 21, 1946, by its order containing specific findings of fact, the commission concluded "that the residents of Hazleton are not being given adequate call or demand (taxi) service of a type reasonably necessary for the service, accommodation, convenience and safety of the public", and further concluded and found "that additional call or demand (taxi) service in the City of Hazleton is necessary for the accommodation, convenience and safety of the public and the certificate applied for should be issued", and ordered that the application of DeFrancesco be approved and a certificate of public convenience be issued.

According to the testimony the applicant at present operates a detective agency, and has served as a special policeman in Hazleton. He drove a taxi for six years in

Hazleton and spent about five years working in garages and is of good character and sound financial condition. In the course of the hearings, an extensive record was developed, which consists to a considerable extent, of testimony by Hazleton residents to the effect that the present taxi service in that city is inadequate. Witnesses testified that the protestant cab companies have consistently failed to provide late service of an emergency nature; that because of this failure to provide service, it was necessary for special police precautions to be set up in order to protect nurses from molestation when they left their hospital duties after midnight, including the use of a police cruiser to transport them; that during inclement weather it was "practically impossible" to get a cab; that it was necessary to wait for what the commission, we believe correctly, considered "unreasonable" time for cabs—in many cases "as much as an hour"; that on many occasions there were "10 or 15 people" waiting at a hotel taxi stand unable to get cabs. An employe of a hotel in Hazleton testified that on many occasions he called for taxi service to transport passengers and baggage to make train connections and was unable to get a cab. A night clerk at another hotel testified that frequently there was no service to accommodate passengers arriving on late busses and trains.

The protestants denied certain allegations of unsatisfactory service; characterized other demands for service as unreasonable in view of existing weather conditions, and while admitting some inadequacy in service, particularly during early morning hours, offered the explanation that service had been curtailed at the request of the Office of Defense Transportation. The record does not establish when service was curtailed. It was in evidence, however, that an advertisement signed by the appellants and announcing resumption of 24-hour cab service was carried in Hazleton newspapers on October 1, 1944. The commission stated, "In the absence of any testimony or evidence to the contrary it can be assumed

that after October 1, 1944, conditions were such that there was no longer any proper reason for complete suspension of service by all operators during any part of any day. However, it was established that service continued inadequate thereafter."

The protestant companies blamed the weather conditions for their failure to furnish as adequate and satisfactory service as they might otherwise have done. It is in evidence, however, that private cars and busses continued to operate during those times. A public service corporation may not operate only when the weather is pleasant or when there is a chance for profit. The obligation to serve the public is inherent in every certificate of public convenience. As this court stated in *Hoffman v. Pa. P. S. C.*, 99 Pa. Superior Ct. 417, at page 429, "The primary object of the public service laws is not to establish a monopoly or to guarantee the security of investment in public service corporations, but first and at all times to serve the interests of the public."

This court has stated that in determining such matters as are involved in this appeal it will confine itself to the ultimate question as to whether the commission acted within its powers. *York Motor Express Co. v. P. S. C.*, 110 Pa. Superior Ct. 197, 168 A. 327.

There is no dispute that there is a need for taxi service in the City of Hazleton. Whether that need is filled by the appellants or whether applicant should be certified to furnish additional service are administrative questions to be determined by the commission. The law governing the appeals in this case is set forth in *John Benkart & Sons Co. v. Pa. P. U. C.*, 137 Pa. Superior Ct. 13, 7 A. 2d 588, in which this court, speaking through RHODES, J., at page 16, stated: "Whether the available transportation facilities in this area are, under the facts shown, sufficient and adequate to supply the demand is purely an administrative question. We have frequently stated that the extent to which there shall be competition in the intrastate transportation of freight and merchan-

dise by common carrier is largely a matter of policy which the legislature committed to the Public Service Commission, and has now committed to the Public Utility Commission, and that the question is, for the most part, an administrative one which must be left to the sound judgment and discretion of the commission, and that its decision, if based on competent and relevant evidence, will not be disturbed by this court unless it is so capricious, arbitrary, or unreasonable as to amount to error of law or a violation of constitutional rights. See John Benkart & Sons Company et al. v. Pennsylvania Public Utility Commission, 137 Pa. Superior Ct. 5, 7 A. 2d 584; Beaver Valley Service Co. v. P. S. C. et al., 122 Pa. Superior Ct. 221, 186 A. 304; Steward v. P. S. C. et al., 119 Pa. Superior Ct. 353, 181 A. 329; Act of May 28, 1937; P. L. 1053, art. II, sec. 1107, 66 PS, sec. 1437."

The order of the commission is based upon sufficient competent and relevant evidence; there is no error of law and no violation of constitutional rights. The appeals, therefore, are dismissed and the order of the Public Utility Commission is affirmed, at the cost of the appellants.