Gannon et al., Appellants, *v.* Pennsylvania Public Utility Commission.

Argued October 16, 1947. Before RHODES, P. J., HIRT, DITHRICH, ROSS, ARNOLD and FINE, JJ. (RENO, J., absent).

*Robert H. Shertz,* with him *Harold S. Shertz* and *Shertz, Barnes & Shertz,* for appellants.

*H. Ray Pope, Jr.,* with him *William Rutter McKelvey,* Deputy Attorney. General, for appellee.

*Russell Wolfe,* with him *Philip Richman* and *Richman & Richman,* for Isaac Davis, t/a Tradesmen's Delivery Service, intervening appellee.

OPINION BY ROSS, J., January 8, 1948.:

In this proceeding before the Public Utility Commission, the applicant, Isaac Davis, trading as Tradesmen's Delivery Service, had been granted a certificate of public convenience on June 13, 1938 authorizing him to transport ladies' wear and wearing apparel, stationery and lock parts between points in Philadelphia and from points in Philadelphia to points in Upper Darby Township, Delaware County, and vice versa. On April 4, 1945, Davis filed an application requesting amendment of his certificate so as to authorize him to transport all classes of property within the same area.

The appellants, Hugh Gannon and eighteen other certified common carriers of property in the same territory, protested the granting of the application. After hearing, the commission found that "approval of the proposed modification is necessary or proper for the service, accommodation or convenience of the public" and granted the application, from which order the protesting carriers have taken this appeal.

The power of this Court to review an order of the Public Utility Commission is limited by the Act of May 28, 1937, P. L. 1053, art. XI, section 1107 as amended, 66 PS 1437, which provides in part as follows: "The order of the commission shall not be vacated

or set aside, either in whole or in part, except for error of law or lack of evidence to support the finding, determination or order of the commission or violation of constitutional rights", and our inquiry is confined to whether the commission acted within its powers. *York Motor Express Co. v. Public Service Commission*, 110 Pa. Superior Ct. 197, 168 A. 327.

The protesting carriers offered no evidence other than their certificates which were introduced into the record, and the applicant and W. F. Davidson testified in support of the application.

According to the testimony, the applicant is one of twenty-six certified truckers who pick up and deliver commodities left for that purpose by manufacturers and other shippers at a general express office operated by Davidson in Philadelphia. Davis testified that many commodities are delivered at the express office which he cannot haul because of his restricted certificate and that these commodities remain at the express office for a week and ten days at a time and that "then the shippers have to take them back because there is nobody to deliver them", that these commodities include groceries, meats, other perishable goods, drugs, hardware, etc. He gave the names of various manufacturers and wholesalers who brought commodities to the express office which were not delivered and testified that many times he has been requested to render transportation of various commodities which under his existing certificate he is unable to carry but that if given the extended certificate "I will be able to serve those concerns . . . including stuff they must have for hospitals and institutions". Davidson testified that he has many calls for the transportation of commodities which "are not able to be handed because we haven't the facilities at present", that he receives a great many articles for transportation to various points in Philadelphia which cannot be transported, and that his office would be able to handle these commodities if the applicant "were granted a cer-

tificate covering general merchandise". Appellants contend that there are certain conflicts in some of the testimony of Davidson and the applicant. If so, the conflict was for the commission, the fact finding body, to resolve.

The applicant was not required to show absolute necessity for additional service; accommodation and convenience of the public are factors to be considered. *Sayre v. P. U. C.*, 161 Pa. Superior Ct. 182, 54 A. 2d 95. It is apparent that it is an "accommodation and convenience" to manufacturers and other shippers to be able to take less than truck load shipments to a general express office for delivery to various points. According to the testimony, the transportation facilities in connection with Davidson's express office would be increased by the proposed extension of the applicant's certificate and this would result in increased service to the shipping public.

It is not disputed that there is a need for service of the type and within the area set forth in the application involved in this proceeding. Whether that need is filled by the appellants or whether the applicant should be certified to furnish additional service are purely administrative questions to be determined by the commission. *John Benkart & Sons Co. v. P. U. C.*, 137 Pa. Superior Ct. 13, 7 A. 2d 588; *Colombo v. P. U. C.*, 159 Pa. Superior Ct. 483, 48 A. 2d 59; *Sayre v. P. U. C.*, supra.

In this case—there being no question of law or violation of constitutional rights involved—we are concerned solely with the sufficiency of the evidence, and, in our opinion, the evidence is sufficient to support the commission's finding that the proposed extension of the applicant's certificated rights "is necessary or proper for the service, accommodation or convenience of the public".

Order affirmed and appeal dismissed, at cost of the appellants.