Posten Taxi Company, Appellant, *v.* Pennsylvania Public Utility Commission.

Argued October 1, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Ben R. Jones Jr.,* with him *Louis Shaffer* and *Bedford, Waller, Jones & Darling,* for appellant.

*Thomas M. Kerrigan,* with him *Jack F. Aschinger* and *Charles E. Thomas,* for appellee.

*Robert H. Griswold,* with him *McNees, Wallace & Nurick,* for intervenor appellee.

OPINION BY RENO, J.; January 14, 1949:

This appeal is from an order of the Public Utility Commission, made upon the complaint of Roy H. Thompson, intervening appellee, commanding Posten Taxi Company, a partnership consisting of Harry and Hermoine Lieberman, appellants, to cease and desist from operating scheduled transportation service between the city of Wilkes-Barre and the Scranton-Wilkes-Barre Airport at Avoca, Pennsylvania. Appellants deny the charge and contend their activities are within the scope of their certificate of public convenience which authorizes transportation of persons "upon call or demand in the City of Wilkes-Barre, Luzerne County, and within 10 miles by the usually traveled highways of the limits of said city, all calls to be accepted in the City of Wilkes-Barre". The airport is located 9.2 miles from the city limits of Wilkes-Barre.

Anticipating the operation of the airport, Roy H. Thompson in July, 1945, filed an application with the commission to operate a scheduled limousine service between the airport and the cities of Wilkes-Barre and Scranton. Appellants filed a similar application in the name of the "Airport Bus Company" in May, 1946. The following May appellants filed a rate schedule of service between Wilkes-Barre and the airport which schedule was approved by the commission. The commission in July, 1947, approved Thompson's application, and disapproved appellants' application.

Subsequently Thompson made an agreement with the commissioners of Luzerne and Lackawanna Counties, owners of the airport, to maintain a transportation service to and from the airport. Appellants entered into agreements with the American and Colonial airlines, which were operating the only schedule flights at the airport, whereby Posten Taxi Company would receive notice by telephone of the arrival and departure of their planes and the number of passengers expected to arrive or depart. The Ford Taxi Company of Scranton had a

similar agreement with the two airlines for ground transportation of passengers to and from Scranton. The drivers of the three companies engaged in a free-for-all solicitation of passengers alighting from the planes. As a result Thompson secured only a negligible part of the business, and complained to the commission that Posten Taxi Company was competing with him on an unauthorized schedule basis.

The commission properly decided that appellants had invaded a transportation field not covered by its certificate, and its order will be affirmed.

It is not disputed that the commission acted within its discretionary power in refusing the application filed by the "Airport Bus Company". Whether an applicant should be certified to furnish the type of service for which he applies is purely an administrative question for the commission's determination. *John Benkart & Sons Co. v. Public Utility Commission*, 137 Pa. Superior Ct. 13, 7 A. 2d 588; *Sayre v. Public Utility Commission*, 161 Pa. Superior Ct. 182, 54 A. 2d 95; *Gannon v. Public Utility Commission*, 162 Pa. Superior Ct. 88, 56 A. 2d 366.

The approval by the commission of the rate to be charged by the appellants between the airport and Wilkes-Barre is not material to the issue. Such approval did not extend the authority granted by appellants' certificate; nor did it render lawful an unauthorized service.

The sole question here is whether there is sufficient and competent evidence to warrant the commission's findings that appellants' acts constituted a scheduled and regular transportation service outside the scope and authority of their "call or demand" certificate.

On appeal our function is to determine whether there is an error of law, or lack of evidence to support the finding or order of the commission. *Gallagher and Sons v. Public Utility Commission*, 161 Pa. Superior Ct. 243, 53 A. 2d 842. Our review is limited by the Act of May 28, 1937, P. L. 1053, § 1107, as amended, 66 PS § 1437, which

provides in part: "The order of the commission shall not be vacated or set aside, either in whole or in part, except for error of law or lack of evidence to support the finding, determination, or order of the commission, or violation of constitutional rights". See *York Express Co. v. P. S. C.*, 110 Pa. Superior Ct. 197, 168 A. 327; *Gannon v. Public Utility Commission*, supra.

The testimony supports the findings of fact. The Posten Taxi Company affixed signs to its cabs identifying them as the "Official Limousine Service". The information folders provided by the two airlines listed Posten Taxi Company as the mode of transportation between the airport and the Sterling Hotel in Wilkes-Barre. Announcements were made over the hotel's public address system as to when the Posten limousine would leave for the airport. There is ample evidence that Posten cabs met all scheduled flights although they did not always secure passengers. Passengers arriving at the airport were indiscriminately solicited by the drivers of the three cab companies although it was apparent that there was no prior arrangement with them or knowledge of their destination. Passengers were loaded into the same car regardless of whether they were in the same party.

Appellants concede all this but insist that their agreement, or concession, as they called it, was strictly on a call or demand basis, since the understanding with the airlines was that Posten should have cars available if and when called. Appellants contend their cars went to the airport only after being notified by telephone by the airline officials as to the number of passengers who would be deplaning at the airport.

The record clearly indicates an attempt on the part of appellants to carry passengers on schedule between fixed and definite termini. It cannot be said that these trips were only occasional or casual engagements to transport persons over routes which had been set apart for the complainants' scheduled service. Appellants cannot set up the device of having airport officials call them

before each flight and thereby extend and overreach the authority granted to them by their certificate.

There is a distinct need for both the call and demand type and the scheduled transportation service, but their activities must be confined to their proper fields. Otherwise both may be destroyed, with the inevitable consequence of inconvenience to the public. As this Court said in *Hoffman v. Public Service Commission*, 99 Pa. Superior Ct. 417, 429: "The primary object of the public service laws is not to establish a monopoly or to guarantee the security of investment in public service corporations, but first and at all times to serve the interests of the public. Unrestricted competition is ordinarily to be avoided, not because in the first place it injures the corporation against which it is directed, but because ultimately, the usual experience of man tells us, the losses ensuing are visited upon the public." See also *Sayre v. Public Utility Commission*, supra.

We find that the evidence in support of the commission's findings is substantial, and possesses rational probative force. It is therefore binding upon us. *Horn's Motor Express Co., Inc., v. Public Utility Commission*, 148 Pa. Superior Ct. 485, 26 A. 2d 346; *Shenandoah Suburban Bus Lines, Inc., Case*, 158 Pa. Superior Ct. 638, 46 A. 2d 26; affirmed, 355 Pa. 521, 50 A. 2d 301.

Order affirmed.