## Schuster, Appellant, *v.* Pennsylvania Public Utility Commission.

Argued October 6, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*W. G. Johnstone, Jr.,* with him *Windolph & Johnstone,* for appellant.

*Harris J. Latta, Jr.,* Assistant Counsel, with him *Thomas M. Kerrigan,* Acting Counsel, for Pennsylvania Public Utility Commission, appellee.

*Calvin J. Friedberg,* with him *Hicks, Williamson, Friedberg & Jones,* for intervening appellee.

OPINION BY WRIGHT, J., November 16, 1955:

East Penn Transportation Company filed with the Pennsylvania Public Utility Commission a complaint charging that John G. Schuster, trading and doing business as Schuster's Bus Lines, and hereinafter referred to as Schuster, "did on or about March 11, 1954, transport a group or party of persons *from a certificated point* beyond the borough limits of the Borough of St. Clair, Schuylkill County, Pennsylvania, to Hershey, Pennsylvania, and terminated said service within the Borough of St. Clair . . . without first obtaining the required certificate of public convenience from the Commission (italics supplied)". Following the filing of an answer by Schuster, a hearing was held at which testimony was offered by both parties.

The record discloses that, on March 11, 1954, at about 6:30 p.m., three Schuster buses transported persons to the Hershey Sports Arena where the basketball team of St. Clair High School was engaged in a play-off game. One bus loaded its passengers in Arnout's Addition which is located in New Castle Township, Schuylkill County. The Commission states in its brief that "no special significance was attached to that portion of the movement". The other two buses were loaded at the Penkunas Hotel which, it was agreed, is in East Norwegian Township, immediately adjacent to the boundary line of the Borough of St. Clair. On the return trip from Hershey one bus discharged its full load at the Penkunas Hotel. The other bus discharged a part of its load at the hotel, and then

continued on into St. Clair and Arnout's Addition, discharging the remaining passengers along the way in both communities. The buses in question were chartered by one Frank Semonavage approximately two weeks prior to the trip. Persons who boarded the buses at the Penkunas Hotel came to that point by taxi, private automobiles, and on foot.

In its order, the Commission stated that "We are confronted here with determining whether the situation presented constitutes an ingenious but permissible avoidance of the limitations of respondent's certificate of public convenience, or a deliberate and unlawful attempt to evade the Public Utility Law. The record inclines us to the latter conclusion". The Commission accordingly found: "(1) That the transportation service complained of in this proceeding, viz., from a point immediately adjacent to the Borough of St. Clair to Hershey, Pennsylvania, and return to St. Clair constituted a single connected and continuing movement; (2) that respondent arranged to and did on March 11, 1954, transport a group or party of persons from St. Clair, or a point immediately adjacent thereto, to Hershey, Pennsylvania, and upon return discharged passengers at a point or points immediately adjacent to and in St. Clair without requisite authority of the Pennsylvania Public Utility Commission and in violation of the Public Utility Law". The order entered was (a) that the complaint be sustained; (b) that Schuster pay to the Commonwealth the sum of $50.00; and (c) that Schuster cease and desist from the transportation of persons in group and party service except as heretofore authorized. A petition for reconsideration was denied, and this appeal followed.

Appellant's certificated rights, in so far as they are here material, authorize him "To transport groups or parties of persons, on special excursions and on tour

or sightseeing trips, all of which transportation originates at/or in . . . the Villages of Arnout's Addition . . . and the Townships of East Norwegian . . . and New Castle, Schuylkill County, subject to the following conditions . . . First, that no right, power or privilege is granted to transport groups or parties of persons to or from the Villages of Greytown and Schoentown, Schuylkill County".

In its brief the Commission concedes: "We do not suggest that it is illegal for any group and party carrier to terminate a trip at a point other than the origin point". In the light of this concession, the complaint, as actually worded, might well have been summarily dismissed. No restriction (except Greytown and Schoentown) is placed upon the termination of appellant's group or party service. There is no requirement in the Commission's regulations, as in the case of tour or sightseeing service, that group or party service terminate at one of the points named in the certificate. The Commission took the position, however, that "the termination of the group and party movement in St. Clair revealed the actual purpose and intent of the parties concerned when arrangements were made and the transportation provided. The service sought or offered, and as provided, *was from St. Clair* to Hershey and return (italics supplied)".

Our function on this appeal is to determine whether there is an error of law or lack of evidence to support the order of the Commission: *Posten Taxi Co. v. Pa. P. U. C.,* 164 Pa. Superior Ct. 13, 63 A. 2d 424. And see *Duquesne Light Co. v. Pa. P. U. C.,* 176 Pa. Superior Ct. 568, 107 A. 2d 745. We have carefully reviewed the entire record and cannot agree with the Commission that the evidence supports a finding that appellant either arranged or performed transportation beyond his certificated authority.

Appellant contends (1) that the Commission does not have authority "to impose restrictions on a common carrier which do not appear in the carrier's certificate of public convenience or in the regulations adopted by the Commission"; and (2) that a carrier authorized to transport groups and parties from a specifically described territory is "not limited to discharging the passengers within the same territory or origin". The question actually presented, however, is whether appellant exceeded his certificated authority in rendering the service under consideration; or, as stated by the Commission, "whether the challenged transportation necessarily was related to the Borough of St. Clair, a community which is admittedly not included in appellant's certificated territory, so that respondent made a 'holding out' to render transportation to the community under circumstances in which the actual place of loading was a mere subterfuge".

Appellant expressly had the right to pick up group and party loads in East Norwegian Township. The testimony shows that this is exactly what he did. There is not a scintilla of evidence from which it might be inferred that there was any improper "holding out" by appellant as to the Borough of St. Clair. There is nothing in appellant's certificate, nor in the general orders and regulations of the Commission, which would prohibit the challenged transportation so long as appellant did not hold himself out as furnishing a service which was not authorized by his certificate. While appellant did not have the right to pick up groups or parties within the territorial confines of the Borough, the Township of East Norwegian was a territory granted appellant under his certificate. We are not persuaded that appellant went beyond his certificated rights by picking up loads at a point immediately over the boundary line, which point was within East Norwegian Township.

558

The two cases cited by the Commission are not controlling. In *Atlantic Freight Lines, Inc. v. Pa. P. U. C.*, 163 Pa. Superior Ct. 215, 60 A. 2d 589, the transportation there under consideration was found to be intrastate despite a contention that the Interstate Commerce Commission had determined otherwise. In *Klawansky v. P. S. C.*, 123 Pa. Superior Ct. 375, 187 A. 248, the question involved was whether the appellant in that case was a common carrier, and the order of the Commission in that regard was reversed. We attach no significance to the fact that appellant endeavored to show that he had actually made two separate trips, the first from East Norwegian Township to Hershey and return, and the second a one-way trip from the Penkunas Hotel to St. Clair Borough. The proceeding was apparently instituted and defended upon an erroneous assumption.

It should be noted that, in the second portion of its finding (hereinbefore quoted), the Commission made a statement which is actually ambiguous. It found that appellant transported "a group or party of persons from St. Clair, or a point immediately adjacent thereto, to Hershey". While the persons on the bus may have been from St. Clair, they were transported from East Norwegian Township, not from St. Clair. Nowhere in the record is there testimony to support a different finding. The fact that the point of origin in East Norwegian Township may have been "a point immediately adjacent" to St. Clair does not constitute a violation. And, since appellant originated his group or party transportation within his certificated territory, it was concededly permissible for him to discharge his passengers at any return point which was convenient to them.

Order reversed.