Opinion by
Montgomery, J.,
This is an appeal by the Pennsylvania Railroad Company from two orders of the Pennsylvania Public Utility Commission requiring it to construct a pedestrian crossing over its tracks in its Kiski Junction *116 Yard for the use of its employes entering and leaving the yard. The orders were the result of a complaint filed with the Commission by the Co-Operative Legislative Committee, Railroad Brotherhoods in the State of Pennsylvania, and William P. Fullerton, one of appellant’s employes, which charged, inter alia, that “On the way proceeding to the Kiski Junction Yard Office the men must proceed over an extremely hazardous pedestrian crossing over the tracks of the said Kiski Junction Yard. The average delay occasioned by trains on said tracks is approximately one-half hour both in going to work and in coming from work and as a result many men climb through trains and over trains on the Main Line East and West, primarily the Main Line East, and also must proceed over and through yard trains on many of the yard tracks.” The crossing is private and is used principally by the employes of appellant to reach an automobile parking lot provided by appellant for its employes and located across the tracks from the yard at a higher elevation.
The only question raised by the appeal is the sufficiency of the evidence to support the finding of the Commission that such a hazardous condition exists, or is such as to justify the expenditure of $17,600 estimated as necessary for its elimination.
Since no question as to the Commission’s jurisdiction is involved, on our review of the case we are under no duty to exercise independent judgment or to weigh conflicting evidence but are limited to the determination of whether there is substantial evidence to support the findings and orders of the Commission. Gradison Auto Bus Company, Inc. v. Pennsylvania Public Utility Commission, 199 Pa. Superior Ct. 303, 184 A. 2d 334.
Our close examination of the record discloses sufficient evidence to establish the following facts. There are seven tracks at this crossing, two of which are main line and five of which are yard tracks. Practi *117 cally all employes, numbering about 160 to 200, working in the yard are required to cross the tracks several times a day. At times trains block the crossing for as much as thirty-five minutes. The yardmaster has discretion to break trains required to be on the crossing; however, since he would be cutting them only for the benefit of employes he would do so only at regular hours when employes might be expected to be crossing, although employes cross at other times. Trains are not broken with any regularity even at the times established for the arrival and departure of employes. There are orders to employes not to go through or between trains but they may pass around them, if they look both ways before doing so and do not stop on any rails; however, these rules are not generally followed. This area is one in which fog settles frequently. Although tardiness in arriving at work when occasioned by such blocking is not charged to the men, there is a loss of their own time if the blocking occurs on their departure from work. The crossing was blocked for periods as long as thirty-five minutes, five times between May 18 and June 2, 1962.
Although there is no substantial evidence of the occurrence of any serious accidents at this crossing, we do not believe that fact limits the power of the Commission to correct a condition which it believes may lead to the injury or death of persons subjected to such condition.
From the foregoing facts we conclude that the Commission did not abuse its discretion or powers, or violate any of its duties in finding that the condition at this crossing is a hazard to appellant’s employes and ordering that it be eliminated by appellant by an expenditure of approximately $17,600. Reading Co. v. Pennsylvania Public Utility Commission, 188 Pa. Superior Ct. 146, 146 A. 2d 746.
Order affirmed.
Ervin, J., dissents.