Peoples Cab Company, Appellant, *v.* Pennsylvania Public Utility Commission.

Argued November 11, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Robert A. Cohen,* for appellant.

*Morton Krase,* Assistant Counsel, with him *Paul Silverstein,* Counsel, for Pennsylvania Public Utility Commission, appellee.

OPINION BY HOFFMAN, J., December 11, 1969:

This is an appeal by Peoples Cab Company from an order of the Pennsylvania Public Utility Commission rescinding and cancelling Peoples' certificate of public convenience unless it conforms to a prior order of the Commission which we affirmed in *Peoples Cab Co. v. Pennsylvania Public Utility Commission,* 185 Pa. Superior Ct. 628, 137 A. 2d 873 (1958).

In that case, certain of Peoples drivers operated under a plan whereby the company failed to regulate

shifts, hours and areas of operation, leaving all to the discretion of the drivers. We affirmed the Commission's order directing Peoples to desist from the practice of allowing drivers to operate at times and places selected by them, and to supervise and control regular periods of operation and establish areas within which cabs operated so that a comprehensive coordinated taxicab system would be inaugurated in the certificated area.

In support of this conclusion we stated:

"The Commission found that the resulting operation at the whim of each of the operators has failed to furnish a complete, comprehensive, co-ordinated utility service. Section 401 of the Act of May 28, 1937, P. L. 1053, 66 PS §1171, provides that the service furnished by every public utility 'shall be reasonably continuous and without unreasonable interruptions or delay.' Section 403 of the same act, 66 PS §1173, provides that every common carrier 'shall operate its facilities with sufficient frequency, at such reasonable and proper times, and to and from such stations or points, as the commission, having regard to the accommodation, convenience, and safety of the public, may require. . . .' The legislature clearly granted to the Commission control over the times and places of operation and the distribution of facilities over the area served by the utility."

In 1968, the Commission instituted a further investigation of Peoples. The investigation revealed that as of June 1, 1967, Peoples had instituted a lease program whereby it agreed to lease a taxicab to a driver as an independent contractor. Under this lease the driver agreed to be liable for all federal, state and local taxes including social security, and that as an independent contractor, he would not be covered under the Pennsylvania Unemployment Compensation Law.

The lessee further agreed to pay a fixed rental and a specified sum for gasoline.

It is undisputed that this contractual relationship constituted the drivers as independent contractors, rather than as employees. More importantly, the testimony adduced at the hearing reflected that the drivers under this plan work the hours that they wish, choose the territory they desire and operate solely on their own incentive. There is no regulation of shifts in hours and the territory that a driver must maintain. A driver may work as many days in the week and as many hours in the day in whatever territory he pleases. Under such circumstances, the Commission found that Peoples was in violation of the 1957 order whereby it was directed to supervise and control regular periods of operation and establish places and areas from which its cabs shall be operated. Certainly this method of operation was inconsistent with the 1957 order, as affirmed by our court, and such action should cease.

Peoples contends in this appeal that the Commission abused its discretion in cancelling appellant's certificate of public convenience, and should merely have issued a cease and desist order. Upon reviewing the record, we cannot hold that the Commission abused its discretion in this regard.

In reviewing orders of the Pa. P.U.C., our scope of review is limited. As we stated in *Clemmer v. Pa. P.U.C.*, 207 Pa. Superior Ct. 388, 217 A. 2d 800 (1966).

"The authority of this Court to overrule an order of the Commission is limited. We may not disturb such an order except for errors of law, lack of evidence to support a finding, determination or order of the Commission, or violation of constitutional rights, Section 1107 of the Public Utility Law, 66 P.S. §1437, Pa. Railroad Company v. Pa. P.U.C., 202 Pa. Superior Ct. 114, 195 A. 2d 162 (1963); and we may not exercise our

independent judgment on the record or resolve conflicting evidence."

It should be noted that the Commission's action was not quite as abrupt as Peoples suggests. The order did not rescind Peoples certificate absolutely. Rather, it allowed Peoples two months within which to comply with the order by altering its method of operation. Since Peoples was clearly violating a prior order, which had been fully litigated, the Commission's conditional order was not arbitrary or unreasonable. Certainly, Peoples' mode of operation in flagrant disregard and defiance of the earlier order constituted wilful disobedience of both the Commission and this Court. Peoples, in effect, sought to arrogate to itself powers and privileges specifically denied it in the earlier case.

Another issue raised in this appeal is whether the Commission should approve the lease system as an appropriate method of operation. While the Commission's opinion indicates disapproval of the plan, it appears clear that the actual order entered was based solely on Peoples failure to regulate and supervise its drivers. Whether the Commission would maintain the same opinion as to the lease plan if this feature were removed from it, however, is not a matter for speculation by us at this time.

The order of the Commission is therefore to be affirmed. Since this matter has been held in abeyance pending the outcome of this appeal, however, the date of cancellation set forth in the Commission's order is to be delayed for two months from the date of our opinion to allow Peoples an opportunity to conform to the directives of the Commission.

The order of the Commission, as modified herein, is affirmed.

WRIGHT, P, J., dissents.