## McNaughton Bros., Inc. *v.* Pennsylvania Public Utility Commission.

Argued February 17, 1971, before President Judge BOWMAN, and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MANDERINO, MENCER and ROGERS.

*Earl R. Handler,* with him *Malcolm & Earley,* for appellant.

*Alfred N. Lowenstein,* with him *Paul Silverstein* and *Morton Krase,* for appellee.

*Henry M. Wick, Jr.,* with him *John A. Pillar* and *Wick, Vuono & Lavelle,* for intervening appellee.

OPINION BY JUDGE CRUMLISH, JR., June 1, 1971:

Heretofore, all appeals from decisions of the Pennsylvania Public Utility Commission were lodged in the Superior Court under Article X of the Public Utility Code, Act of May 28, 1937, P. L. 1053, art. X, 66 P.S. §§1431 et seq. Sections 508(e) and 403(1) of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P. L.     , No. 223, 17 P.S. §§211.508(e) and 211. 403(1), now provide that the jurisdiction of the Superior Court over appeals from the Commission is transferred to and vested in the Commonwealth Court. Under Section 507(b) of that Act, 17 P.S. §211.507(b), the instant case, originally filed in the Superior Court, was transferred to this Court.

It involves the issuance of an extended certificate of public convenience by order of the Public Utility Commission to McCutcheon Transfer, Inc., intervenor. McNaughton Bros., Inc., a protestant to the application of McCutcheon, has appealed the extension of rights on the grounds that the Commission failed to base its order upon substantial evidence as required by law. We affirm.

In September 1968, McCutcheon received a certificate of public convenience for the transportation of household goods and office furniture, in use, from points in the Borough of Indiana and within three miles of the Borough limits to points within thirty-five miles of the limits of said Borough, and vice versa, and from points in the Borough of Indiana to points in Pennsylvania and vice versa. McCutcheon's predecessor to the

certificate had operated continuously under it for more than twenty-five years.

McCutcheon has sought an extension of its existing certificate in two respects: (1) an enlargement of its base territory to include all points in the Counties of Indiana and Armstrong to and from points in Pennsylvania; and (2) inclusion of additional items related to the movement of household goods and office furniture in use. Following hearings, the Commission ordered the extension of authority, including the right to include the additional items, to encompass transfers from points in the Borough of Indiana, and within the airline distance of ten miles of the Borough limits, to other points in Pennsylvania, and vice versa. It is from this order that McNaughton, a potential competitor appeals.

The appeal was filed December 8, 1969 to the Superior Court which granted a petition for remission of the record requiring the Commission to issue a long-form order substantiating their conclusions. The long-form order was issued August 24, 1970 and on November 13, 1970 the case was transmitted to this Court under Section 507(b) of the Appellate Court Jurisdiction Act, Act of July 31, 1970, P. L. , No. 223, Art. V, §507(b), 17 P.S. §211.507(b). "The authority of this Court to overrule an order of the Commission is limited. We may not disturb such an order except for errors of law, lack of evidence to support a finding, determination or order of the Commission, or violation of constitutional rights, Section 1107 of the Public Utility Law, [Act of May 28, 1937, P. L. 1053, as amended], 66 P.S. §1437, Pa. Railroad Company v. Pa. P.U.C., 202 Pa. Superior Ct. 114, 195 A. 2d 162 (1963); and we may not exercise our independent judgment on the record or resolve conflicting evidence." *Peoples Cab Co. v. Pa. P.U.C.,* 216 Pa. Super. 18, 21 260 A. 2d 490 (1969). McNaughton alleges that there is a lack of evidence to support the Commission's findings.

McCutcheon, in support of its request for a broad based commodity description and an enlarged territory, presented evidence of requests for such service from several points within Indiana County. McCutcheon is already licensed to serve the largest populous area of that county. In addition to this testimony, the applicant presented three public witnesses who testified to their need or knowledge of a general need for the services requested.

McNaughton and the other protestants testified as to the adequacy of the existing service, including service to those comprising the requests for services testified to by McCutcheon. The Commission concluded "that the protestants have presented evidence demonstrating that they are equipped collectively to provide service throughout the area of this application and that, in general, they have been serving the public satisfactorily."

Although the evidence presented by McCutcheon was "fragmentary" and the record of performance by the protestants "satisfactory", the Commission issued a modified grant of the application.

The Commission based its order upon *Kulp v. Pa. P.U.C.*, 153 Pa. Super. 379, 33 A. 2d 724 (1943). In that case, the Commission had granted a broad extension of rights after the applicant presented fragmentary evidence of need for service. The evidence, however, was limited to one geographical portion of the extension area. The Superior Court modified the Commission's order so as to limit the grant to the area to which the evidence related. Following this reasoning, the Commission in the instant case, has limited the grant of extended service so as to include those areas of Indiana County from which McCutcheon received requests for service and denied the application as to the larger and unsubstantiated territorial request. We do not find this

modified grant to be error. "The burden upon . . . [Mc-Cutcheon] . . . was not so strict as to require a showing that the additional rights were absolutely necessary, Pittsburgh & Lake Erie Railroad Co. v. Pennsylvania Public Utility Commission, [170 Pa. Super. 411, 85 A. 2d 646 (1952)], nor that there was a present demand for the service in every point in its territory; but it was incumbent upon . . . [McCutcheon] . . . to show that the necessity existed within the area generally served and that such service was reasonably necessary for the accommodation or convenience of the public. Zurcher v. Pennsylvania Public Utility Commission, [173 Pa. Super. 343, 98 A. 2d 218 (1953)]." *Motor Freight Express v. Pennsylvania P.U.C.*, 180 Pa. Super. 622, 629, 121 A. 2d 617 (1956).

The Commission, within its discretion, concluded that the evidence of requests for service from points in Indiana County showed that a necessity for broad commodity moving within that area existed. That the protestant McNaughton was servicing that area was only additional proof that there was need for such service. Whether McCutcheon would also be permitted to service the entire area, therefore, was only dependent upon the Commission's determination, that competition within this area, a question strictly within the discretion of the Commission, *Kulp, supra; John Benkart & Sons Company v. Pa. P.U.C.*, 137 Pa. Super. 13, 7 A. 2d 588 (1939), would further public convenience. We hold that the Commission did not err in concluding that requests for service directed to McCutcheon, in conjunction with the evidence of public desire for such service, constituted sufficient and substantial evidence upon which to base the very limited grant in this case.

Appellant makes much ado because the final long-form order of the Commission casts doubt upon the quality of the applicant's testimony. Careful reading of the Commission's order compels the conclusion that

statements as to the lack of quality of the evidence related only to the expansion over the *entire* area requested. The Commission held that the record contained fragmentary but *sufficient* evidence for the grant of a "modest increase" in McCutcheon's certificate. Under our limited scope of review we cannot review that decision beyond a determination that a basis for its conclusion is contained in the record.

Being satisfied that such a basis exists in the record, we affirm.