Springettsbury *v.* P.U.C. and Department of Transportation, et al., Intervenors.

Argued March 9, 1972, before Judges CRUMLISH, JR., ROGERS and BLATT, sitting as a panel of three.

*George M. Elsesser, Jr.,* with him *Wogan, Elsesser & Yost,* for appellant.

*Thomas C. Dick,* Assistant Counsel, with him *Edward Munce,* Assistant Counsel, and *Philip P. Kalodner,* Counsel for appellee.

*Herbert G. Zahn,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, for Department of Transportation, Intervenor.

*Harris J. Latta, Jr.,* for Trustees of Penn Central Transportation Company, Intervenor.

OPINION BY JUDGE ROGERS, April 4, 1972:

A private citizen complained to the Public Utility Commission of the inadequacy of a two-lane bridge

carrying the Lincoln Highway, U. S. Route 30, over the railroad tracks of the Penn Central Transportation Company at a location in Springettsbury Township east of the City of York. The Township intervened below and has appealed here from an order of the Commission requiring the installation of traffic signals at the approaches of the bridge. It contends here, as it and the complainant did before the Commission, that the bridge should be removed and the highway made to cross the railroad at grade, with special control of the six weekly railroad movements over the single railroad track.

The facts are not in dispute. The average daily volume of motor vehicle traffic crossing the bridge is 18,750. The highway for some distance on either side of the bridge is wide enough to accommodate four lanes of traffic but is marked for two lanes with a center lane for left turns. The heavy traffic and the necessity of converging to two lanes over the bridge create a hazardous condition. There is presently under construction a highway by-pass of the City of York which when completed will reduce the amount of traffic using the bridge.

The Commission, having found that a hazard existed, considered three possibilities: (a) The grade crossing proposed by the Township at an estimated cost of $800,-000; (b) a new, four-lane bridge which would cost $2,250,000; and (c) the signalization which it finally settled on. It rejected the grade crossing as retrogressive and potentially hazardous. None of the parties, which included the Penn Central Transportation Company and the Pennsylvania Department of Transportation, urged the construction of the new bridge. In all of the circumstances, including the essentially unknown effect of the by-pass, the decision of the Commission seems eminently sensible to us. In any event, there is ample evidence here to support its findings and con-

clusions, which we may disturb only for *lack* of evidence. *McNaughton Bros., Inc. v. Pa. P.U.C.*, 2 Pa. Commonwealth Ct. 379, 278 A. 2d 186 (1971); *York v. Pa. P.U.C.*, 3 Pa. Commonwealth Ct. 270, 281 A. 2d 261 (1971); *Philadelphia Suburban Transportation Co. v. Pa. P.U.C.*, 3 Pa. Commonwealth Ct. 184, 281 A. 2d 179 (1971).

The Township also questions the authority of the Commission to order traffic signals to be erected at locations as far from the bridge at 3,500 feet. Of course, the Commission has jurisdiction in the matter not only of rail-highway bridges but also their approaches. *Pittsburgh and Shawmut Railroad Co. v. Pa. P.U.C.*, 141 Pa. Superior Ct. 233, 14 A. 2d 903 (1940). The factual issue of the extent of a bridge approach obviously turns on the circumstances. A persuasive answer to the appellant's contention is that the Department of Transportation whose jurisdiction would be invaded by an abuse of the Commission's power concurs in the action taken by the Commission.

We find no abuse of discretion or error of law and, accordingly, affirm the Commission's order.