Township of Swatara, Appellant, *v.* Commonwealth of Pennsylvania, Pennsylvania Public Utility Commission, Appellee, and Richardson Dilworth and Andrew L. Lewis, Jr., Trustees of the Property of Reading Company, Debtor and Walter J. Sosnowski and H. E. Beaver, Intervening Appellees.

Argued September 10, 1973, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Christian V. Graf*, with him *James W. Reynolds* and *Reynolds, Bihl & Schaffner*, for appellant.

*Philip P. Kalodner*, Counsel, with him *Philip R. Mann*, Assistant Counsel, for appellee.

*Joel E. Mazor*, with him *Allen Lesley*, *Thomas P. Shearer* and *James E. Frick*, for intervening appellees.

OPINION BY JUDGE CRUMLISH, JR., December 14, 1973:

A Complaint was filed by two employees of the Reading Company against the Reading Company, the

Department of Highways of the Commonwealth of Pennsylvania, the County of Dauphin, and the Township of Swatara, alleging dangerous conditions at three bridges above the grade of tracks at Reading Company's Rutherford Yard in Swatara Township, Dauphin County. The Complaint prayed that an alteration of the bridges would be ordered to protect pedestrians, in particular railroad employees who are required to walk on one or more of the bridges.

Answers were filed by all parties and after hearing, the Public Utility Commission (Commission) entered an Order, dated October 27, 1967, in which it found that a dangerous condition existed not only for Reading Company employees who were required to cross the 63rd Street Bridge to reach their place of employment, but also for those members of the general public who use this bridge. The Commission directed the Reading Company to prepare and submit appropriate plans and cost estimates for a suitable pedestrian crossing to be constructed independent of or attached to the existing structure of the 63rd Street crossing.

After a petition for rehearing was filed by Reading Company, a further hearing was held for the purpose of permitting Reading and any other party to this proceeding to present testimony on the issue of whether the bridge in question carries a public road.

Subsequently, by order of January 6, 1969, the Commission restated its finding that the bridge in question was hazardous. The Commission also found that it was not established that the 63rd Street crossing carried a public road, and hence jurisdiction of the Commission under Sections 409, 410 and 411 of the Public Utility Law, Act of May 28, 1937, P. L. 1053, Art. IV, as amended, 66 P.S. §1101 et seq. was questionable.[1] Invoking the power granted by Section 401 of

---

[1] In *Delaware, Lackawanna & Western Railroad Company v. Schuman*, 382 Pa. 452, 115 A. 2d 161 (1955), the Pennsylvania Su-

the Public Utility Law to furnish employees of public utilities access to their place of employment with reasonable safety,[2] the Commission directed Reading to erect satisfactory barricades closing the crossing to public use and to adopt measures necessary to insure use of the crossing by emergency equipment.

On January 17, 1969, Swatara Township, Appellant here, filed a petition for rehearing, reconsideration and modification of the order of January 6, 1969, averring that testimony in a prior proceeding (docketed A.79361, and held on January 20, 1953) estopped Reading from contending that the 63rd Street crossing carries other than a public road.

On March 31, 1969, the Commission granted the Township's petition for further hearing and the hearing was held on September 15, 1969. At the hearing, the Township offered no direct testimony on the issue, but moved to incorporate by reference the order, the testimony and the exhibits of Docket A.79361. This motion was granted over objection by counsel for Reading to the admissibility of the testimony and exhibits.

By order of February 6, 1973, the Commission determined that although it was error to incorporate by reference more than the Commission's Order in the proceedings at A.79361, the record, including A.79361, failed to establish that Reading should be estopped from contending that the 63rd Street Bridge carries

---

preme Court stated that Section 409 of the Public Utility Code, which confers exclusive jurisdiction on the Public Utility Commission with respect to the abolition of crossings over a railroad right of way, is limited to public or highway crossings.

Thus, if the bridge in question does not carry a public road, Section 409 of the Public Utility Code cannot be used to allocate the costs of constructing or repairing such a crossing.

[2] *Pennsylvania Railroad Company v. Pennsylvania Public Utility Commission*, 202 Pa. Superior Ct. 114, 195 A. 2d 162 (1963); *Reading Company v. Pennsylvania Public Utility Commission*, 188 Pa. Superior Ct. 146, 146 A. 2d 746 (1958).

other than a public road. Therefore, the Commission affirmed its Order of January 6, 1969.

The Township of Swatara (Appellant) brings this appeal to us.

The scope of appellate review of a decision of the Pennsylvania Public Utility Commission is limited. We may not disturb an Order except for errors of law, or a lack of evidence to support a finding, determination or order of the Commission, or a violation of constitutional rights. *Western Pennsylvania Water Company v. Commonwealth of Pennsylvania Public Utility Commission*, 10 Pa. Commonwealth Ct. 533, 311 A. 2d 370 (1973); *Springettsbury v. P.U.C. and Department of Transportation*, 5 Pa. Commonwealth Ct. 102, 289 A. 2d 762 (1972); *York v. Pa. P.U.C.*, 3 Pa. Commonwealth Ct. 270, 281 A. 2d 261 (1971); *McNaughton Bros., Inc. v. Pa. P.U.C.*, 2 Pa. Commonwealth Ct. 319, 278 A. 2d 186 (1971).

The Appellant's main contention is that Reading, having represented the bridge in question to carry a public road in the 1953 proceeding, is therefore estopped from contending otherwise in the present proceeding.

We must disagree and affirm the Order of the Public Utility Commission.

We have diligently searched the record of the 1953 proceeding before the Commission docketed A.79361, and have found only casual references to the bridge in question. The legal status of the roadway carried by the 63rd Street Bridge was neither at issue nor litigated in the prior proceeding at A.79361, and there are absolutely no statements attributable to Reading which could support an estoppel argument. Therefore we shall not explore this contention further.

On the other hand, a review of the record indicates that there is ample evidence to support the Commission's finding that the bridge in question *does not carry*

*a public highway.* The Administrator for the Township of Swatara testified that nothing in his records nor those of the Court of Quarter Sessions in Dauphin County designates the roadway in question a public highway. The record discloses also that the Appellant has in the past, and continues to refuse to accept any responsibility for the maintenance of the roadway in question.

Finally, much is made of the fact that the roadway has been characterized as "Township Road 770." However, uncontradicted testimony, also by Appellant's own witness, indicates that such a numerical designation has no real significance regarding the status of a roadway.

The Commission's action and Order is based on substantial evidence in the record and accordingly, we enter the following

ORDER

AND Now, this 14th day of December, 1973, the Order of the Pennsylvania Public Utility Commission dated February 6, 1973, is hereby affirmed.