Joseph A. Rugare, Jr. *v.* Commonwealth of Pennsylvania, Pennsylvania Public Utility Commission. Joseph A. Rugare, Jr., Appellant. Erie-Western Pennsylvania Port Authority, Intervening Appellee.

Argued February 2, 1977, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Daniel J. Beggy,* with him *Mansmann, Beggy & Campbell,* for appellant.

*Frank B. Wilmarth,* Assistant Counsel, with him *Barnett Satinsky,* First Assistant Counsel, and *Edward J. Morris,* Counsel, for appellee.

*Paul F. Curry,* with him *William C. Sennett, Stephen E. Jones,* and *Knox, Graham, McLaughlin, Gornall and Sennett, Inc.,* for intervening appellee.

OPINION BY JUDGE ROGERS, March 3, 1977:

This case is companion to *Erie-Western Pennsylvania Port Authority v. Joseph Rugare, d/b/a Julie Marie Lake Rides,* 29 Pa. Commonwealth Ct. 83, A.2d (1977), in which we held that the Erie-Western Port Authority had exclusive regulatory power with respect to Rugare's ferryboat operation in Erie Harbor and that the Pennsylvania Public Utility Commission's former power in this regard was preempted by the conference of these powers on the Authority by the Third Class City Port Authority Act, Act of December 6, 1972, P.L. 1392, 55 P.S. §571 et seq.

Here, Rugare appeals from an order of the P.U.C. dismissing his complaint seeking an order of the P.U.C. restraining the Authority from interfering with his rights under a certificate of public convenience granted prior to the creation of the Authority. The P.U.C. concluded, as did we in the companion case, that its regulatory powers had ceased upon the creation of the Authority and latter's exercise of those powers. The facts and sole issue are, we believe, fully presented and explained in our opinion in the companion case and compel, without the necessity of further discussion here, an affirmance of P.U.C.'s order.

Rugare, by a slight change in his Statement of Question Involved, raises a question as to whether the Authority is seeking to regulate operations outside the area of the Port of Erie. The reference is to the so-called north pier located on the north side of the Erie harbor channel entrance, which Rugare states is not within the area over which the Authority has regulatory power. There is no merit in this argument for several reasons. First, the question was not raised

in Rugare's complaint filed with the P.U.C.; second, the complaint states that Rugare's certificate of public convenience permits him to transport persons to the north pier, so that it may be fairly assumed that the P.U.C. was not concerned that the north pier might be beyond the Authority's area of regulation;[1] and third, our examination of a map of Erie harbor furnished by the Authority at argument without objection by the appellant is convincing that the north pier is within the port area.

### ORDER

AND Now, this 3rd day of March, 1977, the order of the Pennsylvania Public Utility Commission made March 29, 1976, dismissing the appellant's complaint, is affirmed.

---

[1] *See Springettsbury v. P.U.C. and Department of Transportation,* 5 Pa. Commonwealth Ct. 102, 289 A.2d 762 (1972).